# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

| | |
|---|---|
| **CLARENCE SMITH,** ) | |
| ) | |
| Petitioner, ) | |
| ) | **CIVIL ACTION NO. 2:15-13636** |
| v. ) | |
| ) | |
| **DAVID BALLARD, Warden,** ) | |
| ) | |
| Respondent. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Respondent's "Motion to Dismiss the Petition as Untimely" (Document No. 10), filed on October 28, 2015. By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) By Order entered on January 6, 2016, the above case was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for deposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 16.) Having thoroughly examined the record in this case, the undersigned respectfully recommends that the District Court grant Respondent's "Motion to Dismiss the Petition as Untimely."

## PROCEDURE AND FACTS

**A.  Criminal Action No. 07-F-100:**

On May 8, 2007, the Grand Jury of Fayette County, West Virginia, returned a ten count Indictment against Petitioner charging him with five counts of sexual assault in the second degree and five counts of sexual abuse by a parent, guardian, or custodian. (Document No. 10-3, pp. 3 - 4.) On November 2, 2007, Petitioner pled guilty to three counts of sexual abuse by a

parent, guardian, or custodian (Counts 2, 4, and 6) and the remaining counts were dismissed pursuant to the plea agreement (Counts 1, 3, 5, 7 - 10). (Id.) On December 19, 2007, the Circuit Court sentenced the Petitioner to the West Virginia State Penitentiary for an indeterminate period of not less than ten (10) nor more than twenty (20) years. (Id.) On January 9, 2008, Petitioner, acting *pro se*, filed a Motion for Reconsideration of Sentence. (Id., p. 4.) By Order entered on January 11, 2008, the Circuit Court denied his Motion. (Id.) On August 27, 2009, Petitioner, acting *pro se*, filed a Motion to Formally Resentence Defendant for Purpose of Appeal. (Id., p. 5.) By Order entered on August 31, 2009, the Circuit Court denied Petitioner's Motion. (Id.)

On September 17, 2009, Petitioner, acting *pro se*, filed in the West Virginia Supreme Court of Appeal his "Original Jurisdiction Petition for A Writ of *Habeas Corpus*." (Id., p. 5.) By Order entered on November 12, 2009, the West Virginia Supreme Court entered an order directing the Circuit Court to "appoint an attorney to the [P]etitioner and to resentence [P]etitioner for purposes of appeal" and dismissing the matter from the Supreme Court's docket. (Id.) On November 20, 2009, the Circuit Court enter an "Order Resentencing Defendant and Appointing Appellate Counsel." (Id., pp. 5 - 6.) The Circuit Court sentenced Petitioner to the same sentence that was previously imposed and noted that Petitioner was resentenced for the sole purpose of allowing Petitioner the opportunity to perfect his appeal. (Id.)

On December 21, 2009, Petitioner, by counsel, Anthony N. Ciliberti, filed his Notice of Appeal. (Id., p. 6.) Petitioner, by counsel, filed his Petition for Appeal with the West Virginia Supreme Court of Appeal on March 25, 2010. (Id.) In his petition, Petitioner asserted that the Circuit Court erred "in sentencing the defendant to three, consecutive ten to twenty year

sentences as the aforementioned punishment amounts to cruel and unusual punishment and such punishment is further disproportionate to the offense committed." (Id.) On June 22, 2010, the West Virginia Supreme Court refused Petitioner's petition for appeal. (Id.)

On October 15, 2010, Petitioner, by counsel, filed a Motion for Reduction of Sentence. (Id.) By Order entered on November 5, 2010, the Circuit Court entered an Order denying Petitioner's above Motion. (Id., p. 7.) On November 29, 2010, Petitioner, acting *pro se*, filed his "Notice of Intent to Appeal Denial of Rule 35(B) Motion." (Id.) Petitioner, however, never prosecuted his appeal. (Id.)

**2.     State *Habeas* Proceedings:**

On December 2, 2013, Petitioner, acting *pro se*, filed his Petition for Writ of *Habeas Corpus* in the Circuit Court of Fayette. (Id., p. 7.); Smith v. Ballard, Case No. 13-C-311 (Cir. Ct. Fayette Co. March 4, 2014). In his Petition, Petitioner alleged the following grounds for relief:

1.  Ineffective Assistance of Counsel:
    (a)  Failure to investigate
    (b)  Ineffective assistance of counsel caused guilty plea

2.  New Evidence: Medical Records;

3.  Coaching of Witness;

4.  Court Error: Living with a family member that is a sex offender does not constitute harsher punishment;

5.  Faulty Indictment: Two of the three counts are illegal.

(Id., pp. 7 - 8.) On March 4, 2014, the Circuit Court entered its "Order Summarily Denying and Dismissing Petition."[1] (Document No. 10-3.) Plaintiff, acting *pro se*, filed his appeal with the

---

[1]  The undersigned notes that it appears that Petitioner could return to State Court because Petitioner did not receive an omnibus hearing. *See* W.Va. Code § 53-4A-1, *et seq*.; *Losh v. McKenzie*, 166 W.Va. 762, 764, 277 S.E.2d 606, 609 (1981)("[E]very person convicted of a

West Virginia Supreme Court of Appeals. (Id., p. 46.) Specifically, Petitioner argued that "without an evidentiary hearing and appointment of counsel, the circuit court was not capable of adequately adjudicating his petition because he raised the following issues: (1) ineffective assistance of counsel; (2) newly discovered evidence in the form of medical records that, according to petitioner, he did not learn about until after his guilty pleas; (3) the coaching of K.W. by her mother; (4) the impermissible factor that, according to petitioner, the circuit court utilized during petitioner's sentencing; and (5) the illegality of the indictment counts because petitioner was not K.W.'s custodian at the time of the offenses." By Memorandum Decision filed on November 21, 2014, the West Virginia Supreme Court of Appeals affirmed the decision of the Circuit Court. Clarence S. V. Ballard, 2014 WL 6607863 (W.Va. Nov. 2014)(unpublished opinion).

3.  **Section 2254 Petition:**

Petitioner filed the instant Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody on October 2, 2015.[2] (Document No. 2.) In his Petition, Petitioner alleges the following grounds for *habeas* relief:

---

crime shall have . . . one omnibus post-conviction habeas corpus hearing at which he may raise any collateral issues which have not previously been fully and fairly litigated"). In pertinent part, West Virginia Code § 53-4A-1(a) provides that a claim for *habeas* relief can only be based on "contentions . . . not . . . previously and finally adjudicated . . .." W. Va. Code § 53-4A-1(a). In *Losh*, the West Virginia Supreme Court stated that claims raised in a prior *habeas corpus* proceeding have not been previously and finally adjudicated unless the prior proceeding entailed an "omnibus habeas corpus hearing at which the applicant for habeas corpus was represented by counsel or appeared pro se having knowingly and intelligently waived his right to counsel." *Losh*, 166 W.Va. at 762, 277 S.E.2d at 608.

[2] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

1. The petitioner's Sixth Amendment Constitutional Right was violated by the Ineffective Assistance of Counsel.

2. The petitioner's Fifth, Sixth, and Fourteenth Constitutional Amendment Rights were violated by the discovery of new evidence not presented to the petitioner prior to the plea.

3. The petitioner's Fourteenth Amendment Constitutional Right has been violated by the coaching of the alleged witness in the police interview process.

4. The petitioner's Constitutional Amendment Rights were violated by a harsher sentence due to living with a sex offender.

5. The petitioner's Constitutional Amendment Rights were violated by a faulty indictment.

(Id., pp. 4 - 9.) By Order entered on October 7, 2015, the undersigned directed Respondent to show cause, if any, why Petitioner's Petition should not be granted. (Document No. 6.)

On October 28, 2015, Respondent filed his Answer, Motion to Dismiss, and Memorandum in Support thereof with Exhibits. (Document Nos. 9 - 11.) Specifically, Respondent argues that Petitioner's Petition should be dismissed as untimely. (Id.) As Exhibits, Respondent attaches the following: (1) A copy of the transcripts from Petitioner's Plea Hearing as conducted on November 2, 2007 (Document No. 10-1.); (2) A copy of the transcripts from Petitioner's Sentencing Hearing as conducted on December 19, 2007 (Document No. 10-2.); and (3) A copy of the Circuit Court's "Order Summarily Denying and Dismissing Petition" dated March 4, 2014 (Document No. 10-3.).

On October 29, 2015, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Petitioner, advising him of his right to file a response to Respondent's Motion to Dismiss. (Document No. 14.) On December 9, 2015, Petitioner filed his Response in

Opposition. (Document No. 15.) First, Petitioner argues that AEDPA "violates the indivisible sovereign power of the State of West Virginia and of the Citizen by superimposing, albeit without Constitutional authority, un-seeable prejudicial time constrains on the Constitutional Writ of Habeas Corpus in direct violation of the West Virginia Constitution, Article III, § 1, 4, and 10 and United States Constitution, Amendment 10 and 14, mandating relief." (Id., pp. 2 - 4.) Second, Petitioner argues that AEDPA violates "the Notice Provisions of Due Process upon State citizens by Federal imposition of time constraints upon the esteemed Writ of Habeas Corpus and thus Equal Protection of Law mandates in direct violation of West Virginia Constitution, Article III, § 1 and 10 and United States Constitution, Amendment 5, 6, 10, and 14, mandating relief." (Id., pp. 4 - 23.)

## ANALYSIS

**1.    Timeliness:**

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"], which established a one-year period of limitation governing the filing of Section 2254 *habeas* petitions. The one-year period runs from the latest of one of four specified events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

First, the undersigned will consider the timeliness of Petitioner's Petition under Section 2244(d)(1)(A). Section 2244(d)(1)(A) provides that Section 2254 *habeas* petitions must be filed within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). If the Petitioner does not petition for a Writ of Certiorari in the United States Supreme Court upon the denial of direct review in the highest State Court, then the one-year limitation period begins to run 90 days after judgment is entered in the highest State Court (i.e., when the period for filing a petition for a Writ of Certiorari in the United States Supreme Court expires). See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000).

Petitioner's direct appeal of his conviction and sentence was denied by the West Virginia Supreme Court of Appeals on June 22, 2010. Petitioner did not file a Petition for Writ of Certiorari in the United States Supreme Court, and therefore his conviction became final under 28 U.S.C. § 2244(d)(1)(A) on September 21, 2010 (90 days after the West Virginia Supreme Court of Appeals denied his Petition for Appeal of his conviction and sentence). Thus, pursuant to Rule 6(a) of the Federal Rules of Civil Procedure,[3] the one-year statute of limitation began to

---

[3] Rule 6(a) of the Federal Rules of Civil Procedure provides in part, as follows:

**(a) Computing Time.** The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.
    **(1) Period Stated in Days or a Longer Unit.**
    When the period is stated in days or a longer unit of time:
        **(A)** exclude the day of the event that triggers the period;
            **(B)** count every day, including intermediate Saturdays, Sundays, and legal holidays; and
            **(C)** include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal

run on September 22, 2010, and Petitioner had until September 21, 2011, to file a Section 2254 Application in the United States District Court, unless he first sought post-conviction relief from the State Courts.

Petitioner filed a Motion for a Reduction of Sentence pursuant to Rule 35(b) on October 15, 2010, which was 23 days after the statute of limitation period began to run. Accordingly, the one-year statute of limitation was tolled by Petitioner's Motion for Reduction of Sentence. See Wall v. Kholi, 562 U.S. 545, 546, 131 S.Ct. 1278, 1281, 179 L.Ed.2d 252 (2011)(holding that AEDPA's limitation period may be tolled by the filing of a motion to reduce sentence pursuant to Rule 35); Bellamy v. Plumley, 2015 WL 2155697, * 5 (S.D.W.Va. May 7, 2015)("While a motion to reduce sentence may toll the AEDPA's statute of limitations from running, an untimely motion does not since it is not 'properly file' within the meaning of § 2244(d)(2)."); Johnson v. Plumley, 2014 WL 3735856, fn. 2 (N.D.W.Va. July 29, 2014)("[A] motion to reduce a sentence seeks collateral relief, and thus triggers the tolling provision of 28 U.S.C. § 2244(d)(2)"). On November 5, 2010, the Circuit Court of Fayette County denied Petitioner's Motion for Reduction of Sentence. Although Petitioner filed a Notice of Appeal on November 29, 2010, Petitioner failed to perfect his appeal "within four months of the date the judgement being appealed was entered in the office of the circuit clerk." See Rule 5(f) and (g) of the West Virginia Rules of Appellate Procedure.[4] Therefore, Petitioner's appeal was considered denied on

---

holiday.

[4]

Rule 5(g) of the West Virginia Rules of Appellate Procedure provides as follows:

> An appeal is perfected by timely and properly filing, in the Office of the Clerk of the Supreme Court, an original and the number of copies required by Rule 38 of: (1) the petitioner's brief prepared in accordance with Rule 10 and (2) the

March 7, 2011 (four months from the date of the judgment being appealed). See Turner v. Ballard, 2015 WL 4477816, fn. 7 (N.D.W.Va. July 22, 2015)(noting that the Rule 35 Motion tolled the running of the limitation period until the time within which petitioner could have, but did not, appeal the denial of his Motion). The limitation period thus began to run again on March 8, 2011, and Petitioner had until February 13, 2012, to file a Section 2254 Petition in the United States District Court, unless he again sought post-conviction relief from the State Courts. The record reveals that Petitioner took no further action to file a *habeas* petition until December 2, 2013, when Petitioner filed a *habeas* petition with the Circuit Court of Fayette County. Therefore, the one-year limitation period expired on February 13, 2012, as Petitioner did not have a State *habeas* petition pending at any time between March 8, 2011, through February 13, 2012. Petitioner filed his instant Section 2254 Petition on October 2, 2015, nearly 3 years and 8 months after the expiration of the limitations period. Petitioner's Section 2254 Petition is therefore clearly untimely unless one of Section 2244(d)(1)'s other subsections are applicable.

Construing Petitioner's Petition liberally, the Court will consider whether Section 2244(d)(1)(D) applies. Section 2244(d)(1)(D) provides that Section 2254 *habeas* petitions must be filed within one year after "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." In Ground Two, Petitioner argues that his "Fifth, Sixth, and Fourteenth Constitutional Amendment Rights were violated by the discovery of new evidence not presented to the petitioner prior to the plea." (Document No. 2, p. 5.) Specifically, Petitioner states that "Medical Forms showed that at least

---

> appendix record prepared in accordance with Rule 7, unless the Court has specifically provided by order that an appendix record is not required. Failure by the petitioner to perfect an appeal will result in the case being dismissed from the docket of the Court.

two of the three counts could not have been committed by the own words of the alleged victim." (Id.) A review of the record, however, does not support Petitioner's claim of newly discovered evidence. In considering Petitioner's claim of newly discovered evidence, the State *habeas* Court found as follows:

> The Victim's Interview and SAI Form were both provided as part of the State's discovery. *See* State's Response To Discovery entered May 25, 2007, p. 1. In the presence of the Petitioner, during the plea colloquy, Plea Counsel advised that he had received full discovery from the State and had shared that discovery with the Petitioner. *See* Plea Transcripts, p. 6. The Petitioner did not assert that Plea Counsel's statement was incorrect. More importantly, as evidence by the record, the Petitioner received the subject documents as part of the discovery provided by the prosecution prior to entry of the plea. *See* State's Response To Discovery entered May 25, 2007, p. 1. The Petitioner, by his own admission, acknowledged that the received copies of the subject documents not once, but twice, prior to filing an original jurisdiction petition for a writ of habeas corpus and an appeal with the West Virginia Supreme Court.

(Document No. 10-3, pp. 35 - 36.) At most, the record reveals that Petitioner was aware of the alleged "new evidence" at the time of his plea hearing. Thus, Section 2244(d)(1)(D) is inapplicable. The "date on which the judgment became final" (Section 2244(d)(1)(A)) is clearly later then the date Petitioner discovered of the alleged "new evidence" (Subsection 2244(d)(1)(D)). Considering the application of Section 2244(d)(1)(B) and (C), there is no allegation or indication that either subsection is applicable in the instant case. Based upon the foregoing, the undersigned concludes that Petitioner's Section 2254 Petition is untimely under Section 2244(d).

Nevertheless, the one-year limitation period may be subject to equitable modification in appropriate cases. See Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010); Harris, 209 F.3d at 328-31. In Holland, the United States Supreme Court concluded that Section 2244(d) may be tolled "only if [the petitioner] shows (1) that he has been pursuing his

rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649, 130 S.Ct. at 2562; also see Harris, 209 F.3d at 330(petitioner bears the burden of proof regarding equitable tolling). The doctrine of equitable tolling has generally been applied in two distinct situations. First, the doctrine has been applied in situations where the petitioner was prevented from asserting his claims due to the respondent's wrongful conduct. Harris, 209 F.3d at 330. Second, the doctrine has been applied in situations where the petitioner was prevented from asserting his claims due to circumstances beyond his control or "external to the party's own conduct." Id. The Harris Court made it clear that equitable tolling should rarely be allowed stating as follows (Id.):

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Harris, 209 F.3d at 330. The undersigned finds that Petitioner has not presented "extraordinary circumstances" beyond his control to justify invoking the doctrine of equitable tolling. A misunderstanding of the statutory limitation period, no matter how innocent it may be, does not constitute "extraordinary circumstances" beyond Petitioner's control to justify equitable tolling of the limitation period.

> [T]the mistake in this case is not extenuated by any lack of clarity in the statute. The language of §§ 2244(d) provides unambiguously that the one-year period within which a federal habeas petition must be filed commences on the "conclusion of direct review." This language does not contribute to a misunderstanding that would have the time commence on the "conclusion of State post-conviction proceedings.

Harris, 209 F.3d at 331. Furthermore, the particular "facts and circumstances" of Petitioner's case do not warrant equitable tolling. Petitioner's instant Petition was filed nearly three years and 8 months after the Section 2244(d) one-year period expired. Petitioner is, therefore, hereby notified in accordance with the Fourth Circuit's decision in Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), that the undersigned recommends that his Section 2254 action be dismissed as untimely unless Petitioner can demonstrate that the Petition was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period.

**2. Constitutionality of AEDPA:**

Petitioner does not appear to dispute that his Section 2254 Petition is untimely under AEDPA, but argues that AEDPA is unconstitutional. First, Petitioner argues that AEDPA is unconstitutional because it violates the West Virginia Constitution. The Supremacy Clause of the United States Constitution provides that the Constitution and laws of the United States "shall be the supreme Law of the Land; . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. Art. VI, cl. 2. Thus, the laws of the United States are "supreme" and the "law of the State . . . must yield to it." Gibbons v. Ogden, 22 U.S. 1, 33, 6. L.Ed. 23, 82 (1824). To the extent Petitioner argues that AEDPA is unconstitutional because AEDPA violates the West Virginia Constitution, Petitioner's claim is without merit. The undersigned further notes that there is no statute of limitation for the filing of a State *habeas* petition in West Virginia. Therefore, Petitioner's right to file a State *habeas* petition is not effected by AEDPA.

Second, Petitioner argues that AEDPA is unconstitutional because "Due Process of Law envisions the Defendant in any criminal case, State or Federal, to be provided 'Notice' of any action that may adversely affect his/her criminal rights including the right to make and present a

Petition for Writ of Habeas Corpus." The undersigned first notes that "a *habeas corpus* proceeding is neither a wholly criminal nor a wholly civil action, but rather a hybrid action that is unique, a category unto itself." O'Brien v. Moore, 395 F.3d 499, 505 (4th Cir. 2005); also see Smith v. Angelone, 111 F.3d 1126, 1130 (4th Cir. 1997)("The 'civil' label is attached to habeas proceedings in order to distinguish them from 'criminal' proceedings, which are intended to punish and require various constitutional guarantees."). Next, Petitioner's criminal proceedings took place long after the enactment of AEDPA. AEDPA was enacted on April 24, 1996. AEDPA clearly provides that a Section 2254 *habeas* petition must be filed within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner was convicted on November 2, 2007, approximately 9 years and 6 months after the enactment of AEDPA. Thus, there was appropriate notice. Furthermore, AEDPA did not deprive Petitioner of his due process right to file a federal *habeas* petition. Petitioner had every right to file his federal *habeas* petition subject merely to AEDPA's requirement that Petitioner first exhaust his state remedies and that the federal *habeas* petition be filed within a prescribed time period.

Finally, Petitioner argues that AEDPA improperly restricts his right to file a federal *habeas* petition in violation of the Suspension Clause of the United States Constitution. The Suspension Clause provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended . . .." U.S. Const., Art. I, § 9. Petitioner further appears to argue that AEDPA strips federal courts of their judicial power as vested by Article III. The Fourth Circuit, however, has rejected both of the above arguments. In Mueller v. Angelone, 181 F.3d 557 (4th Cir. 1999), the Fourth Circuit held that AEDPA "did not work an unconstitutional limitation upon the

13

jurisdiction of federal habeas courts, but rather 'represent[ed] a modest congressional alteration of the standards pursuant to which the writ issues." Mueller, 181 F.3d at 572(*quoting* Green v. French, 143 F.3d 865, 875 (4th Cir. 1998), *abrogated in part by* Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)). The constitutionality of AEDPA's limitation period has been upheld under the Suspension Clause of the United States Constitution. See Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000)("AEDPA's one-year limitation does not constitute a per se violation of the Suspension Clause"); Lucidore v. New York State Division of Parole, 209 F.3d 107, 113 (2nd Cir. 2000)(finding that AEDPA does not constitute a per se violation of the Suspension Clause "because AEDPA's one-year statute of limitation leaves habeas petitioners with some reasonable opportunity to have their claims heard on the merits."); also see Boumediene v. Bush, 553 U.S. 723, 128 S.Ct. 2229, 171 L.Ed.2d 41 (2008)(recognizing that AEDPA's gatekeeping provisions are constitutional); Accord Felker v. Turpin, 518 U.S. 651, 665, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1997)(upholding AEDPA's prohibition against second or successive *habeas* petitions and holding that such restrictions do not "amount to a 'suspension' of the writ"). ADEPA clearly did not suspend Petitioner's right to file a federal *habeas* petition. Petitioner was merely required to file his federal *habeas* petition within ADEPA's statute of limitation period. Additionally, the doctrine of equitable tolling ensures that *habeas* petitions are not unjustly barred by the statute of limitation period. Accordingly, the undersigned finds that AEDPA's limitation period does not violate the Suspension Clause of the United States Constitution. See Pollard v. United States, 2010 WL 3944922 (N.D.W.Va. Oct. 7, 2010)("The AEDPA's one-year period of limitation therefore clearly does not amount to a suspension of the writ, but merely required that [petitioner] promptly file his habeas petition.");

Buckhannon v. Ballard, 2010 WL 1837745 (S.D.W.Va. March 24, 2010)("The application of a one-year statute of limitation for filing a section 2254 habeas corpus petition does not cause citizens to lose their right to federal review, as argued by Petitioner; nor does it restrain the state courts from engaging in habeas corpus review. It merely implements a reasonable time period for filing a federal habeas petition, after the opportunity for state court review.")

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Respondent's "Motion to Dismiss the Petition as Untimely" (Document No. 10), **DISMISS** Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody (Document No. 2) and remove this matter from the Court's docket unless Petitioner can demonstrate within the period of time allotted for objecting to this Proposed Findings and Recommendation that the Petition was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Joseph R. Goodwin. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this

time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Goodwin, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same Petitioner, who is acting *pro se*, and to counsel of record.

Dated: May 26, 2016.

_____
Omar J. Aboulhosn
United States Magistrate Judge